**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC CONCEPCION, | Civil Action No. 18-9258 (MCA) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court by Petitioner Eric Concepcion's ("Concepcion" or "Petitioner") filing of a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons explained in this Opinion, the Court denies the Motion and also denies a certificate of appealability.

## I. FACTUAL BACKGROUND[1] AND PROCEDURAL HISTORY

On November 2, 2016, Petitioner was indicted in the Sixth Superseding Indictment (the "Indictment") returned in *United States v. Corey Hamlet et al.*, Crim. No. 14-220. Specifically, Count One charged Concepcion, Hakeem Vanderhall ("Vanderhall"), and others with knowingly and intentionally conspiring with others to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(c); Count Eighteen charged Concepcion, Vanderhall, and others with conspiracy to distribute 280 grams or more of crack-cocaine, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), in violation of 21 U.S.C. § 846; and Count Nineteen charged Concepcion, Vanderhall and others, with knowingly and

---

[1] The factual background is taken from the available record, including Petitioner's criminal docket, the transcripts of pretrial hearings and the trial, the Presentence Investigation Report ("PSR").

intentionally engaging with others in a continuing series of violation of the Controlled Substances Act undertaken with at least five other persons with respect to whom the defendants occupied positions of organizer, supervisor, or any position of management and from which such continuing series of violations the defendants obtained substantial income and resources, in violation of 21 U.S.C. §§ 848(a) and (c).

On February 1, 2017, Concepcion entered a guilty plea to Count One and Count Eighteen of the Sixth Superseding Indictment.[2] Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the plea agreement called for a sentence of 216 months' incarceration, a term of supervised release of five (5) years, and a special assessment of $200 (the "Stipulated Sentence"). *See* Crim. No. 14-220-06, Plea Agreement at Schedule A, ¶ 3, ECF No. 232 (hereinafter the "Plea Agreement"). Both parties agreed that the Stipulated Sentence was reasonable, taking into account all of the factors under 18 U.S.C. § 3553(a).

The Stipulated Sentence was conditioned on the Court accepting guilty pleas by both Concepcion and his co-defendant Vanderhall. *Id.* at 2. As part of the Plea Agreement, Concepcion agreed "to stipulate at sentencing to the statements set forth in Schedule A." *Id*. at 4. Concepcion expressly agreed in Schedule A to stipulate to: (i) conspiring to distribute more than 8.4 kilograms but less than 25.2 kilograms of crack-cocaine; (ii) Concepcion's role as an organizer or leader of a criminal activity that involved five or more participants within the meaning of U.S.S.G. 3B1.1(a); and (iii) that Concepcion maintained a premises for the purpose of distributing a controlled substance within the meaning of U.S.S.G. 2D1.1(b)(12). *See* Plea Agreement at Schedule A, ¶ 1(a)-(c). The Plea Agreement further provided that Concepcion

---

[2] As part of the Plea Agreement, the Government agreed to dismiss Count Nineteen as to Concepcion.

agreed that the "appropriate sentence to be imposed is a stipulated term of 216 months' incarceration, regardless of the advisory range under the United States Sentencing Guidelines." *Id*. at 4. Concepcion further agreed in the Plea Agreement that should the Court accept the terms of the agreement, it is "bound to sentence Concepcion to the stipulated term of 216' months incarceration" under Federal Rule of Criminal Procedure 11(c)(1)(C).

The Stipulated Sentence included a prison term that was substantially below the advisory guidelines range. As set forth in the final PSR, the offense carried a base offense level of 36.[3] PSR ¶ 161. The PSR calculated an additional two-points for maintaining a premises for the purpose of distributing a controlled substance pursuant to U.S.S.G. § 2D1.1(b)(12); and a four-level enhancement for being an organizer of leader of a criminal activity that involved five or more participants, pursuant to U.S.S.G. § 3B1.1(a), resulting in a total offense level of 39. PSR ¶¶ 162, 164, 170. Combined with a criminal history category of Category VI, Concepcion faced an advisory guideline range of 360 months to life. PSR ¶¶ 186, 224.

The Presentence Report documents Concepcion's involvement in a conspiracy to distribute copious amounts of narcotics in Newark over a two year period. PSR ¶¶ 103, 105, 114, 118, 127, 132. The PSR specifically noted that "while the total offense level calculated by the probation office comports with the factual stipulations entered into by the parties, the resulting guideline range exceeds the sentenced stipulated by the parties in the binding

---

[3] Counts One and Eighteen are grouped for guideline calculation purposes pursuant to U.S.S.G. §§ 3D1.2(c) and (d). *See* PSR ¶160. The guideline for a violation of 18 U.S.C. § 1962(d) is U.S.S.G. § 2E1.1. Pursuant to § 2E1.1(a)(2), §2D1.1 is referenced when determining the offense level. Accordingly, the base offense level is 36 because the offense involved at least 8.4 kilograms but less than 25.2 kilograms of cocaine base. U.S.S.G. §§ 2E1.1(a)(2), 2D1.1(a)(5), and 2D1.1(c)(2); *see also* PSR ¶161.

agreement." PSR ¶ 225. In other words, the Plea Agreement provided for a sentence well below the advisory guideline range required by the stipulated drug amount and other enhancements to which Concepcion agreed and allocuted.

On June 12, 2017, this Court imposed the Stipulated Sentence on Petitioner, and he did not file a notice of appeal.

On May 4, 2018, Petitioner filed the instant Motion. Petitioner claims that his defense counsel was ineffective at sentencing for two reasons: (1) counsel failed to argue that the evidence against Concepcion with respect to the drugs attributable to him was insufficient; and (2) counsel failed to object to certain enhancements contained in the PSR. Concepcion asks for an evidentiary hearing on these issues. *See* ECF Nos. 1 & 1-1.

II.     **STANDARD OF REVIEW**

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432

F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46). Moreover, the Third Circuit has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

### III. <u>ANALYSIS</u>

Petitioner asserts that his counsel provided ineffective assistance in violation of his Sixth Amendment rights. Before a petitioner can establish that he was denied his Sixth Amendment right to the effective assistance of counsel, he must make a two-part showing: (1) that his counsel's performance was so deficient that the attorney was not functioning as the professional counsel guaranteed by the Sixth Amendment; and (2) that he was prejudiced by his attorney's deficiencies, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Under *Strickland*, counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Thus, to prove deficiency, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*,

166 F.3d 163, 169 (3d Cir. 1999). Courts evaluate the reasonableness of counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Ultimately, it is the petitioner who bears the burden of demonstrating that counsel's representation was deficient. *Id.*

Even where a petitioner is able to show that counsel's representation was deficient, he must still demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Strickland*, 466 U.S. at 692–93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693.

"Defendants are entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quotation omitted). "When addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (internal quotation marks omitted). Where a petitioner accepted a guilty plea based on deficient representation, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Kmet*, 806 F. App'x. 109, 112 (3d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The right to effective assistance of counsel also extends to sentencing. *See United States v. Sepling*, 944 F.3d 138, 145 (3d Cir. 2019) (citing *Glover v. United States*, 531 U.S. 198 (2001)). A petitioner asserting ineffective assistance of counsel at sentencing must show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *United States v. Booth*, 432 F.3d 542, 546-47 (3d Cir. 2005).

Here, Petitioner's attorney was not constitutionally deficient for failing to object to the stipulations Concepcion knowingly and voluntarily agreed to in his Plea Agreement. Concepcion first claims that his counsel was ineffective for failing to argue at sentencing that the evidence against him was insufficient to prove the amount of drugs attributable to his conduct—that he engaged in a conspiracy with others to distribute between 8.4 kilograms and 25.2 kilograms of crack- cocaine.  But that is the same conduct that Concepcion stipulated to in his Plea Agreement and admitted to under oath at his plea hearing. Concepcion's admissions are sufficient to support his guilty plea. *See United States v. Broce*, 488 U.S. 563, 569-74 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt[.]"). Furthermore, any challenge to the stipulated drug quantity would have breached the Plea Agreement. If Petitioner's counsel challenged the drug quantity, the Government would have been entitled to rescind the Plea Agreement, which would have exposed Concepcion to a sentencing range of 360 months to life under the PSR. *United States v. Williams*, 510 F.3d 416, 428 (3d Cir. 2007) (providing that breach of the plea agreement may be remedied by withdrawal of the plea, rescission of the plea agreement or specific performance of the plea agreement).

Moreover, the PSR describes, in great detail, Concepcion's role as a senior member of the New Jersey grape Street Crips that oversaw the supply and sale of crack-cocaine in the area of Sixth Avenue and North Fifth Street (the "Fifth and Sixth area"). PSR ¶¶ 44, 54. The PSR further details how Petitioner and his coconspirators utilized a designated phone to coordinate selling quantities or "clips" of crack-cocaine to lower level members of the New Jersey Grape Street Crips. PSR ¶¶ 103, 105, 114, 118, 127, 132. The PSR further detailed all of the instances

in which Petitioner is captured discussing selling narcotics on both that designated phone and his own personal cell phone. *Id.*

Petitioner does not claim that his guilty plea was unknowing or involuntary or claim that his counsel was ineffective in advising him to accept it. At his plea hearing, Concepcion confirmed, under oath, that he read and discussed the Plea Agreement with his attorney, and understood its terms. *See* Plea Hr'g Tr. at 10:2-9; 12:15-23. Prior to entering his plea, Concepcion's counsel explained to the Court how the Stipulated Sentence benefitted Concepcion. Specifically, his defense counsel explained that Concepcion would "get at least two years lower than the actual statutory maximum and significantly less than if he were convicted at trial" which would have exposed him to a sentencing range of 360 to life on each of the three counts. *Id.* at 14:17, 21-25. Concepcion's counsel further confirmed that the Stipulated Sentence was the result of a "protracted and lengthy plea discussion" that was "very extensive" after he had "reviewed the proofs." *Id.* at 14:10-11:3.

Because Concepcion's plea agreement was contingent upon his co-defendant Vanderhall pleading guilty to the same charges, this Court confirmed for a second time that Concepcion understood the terms of his plea agreement, that he entered into it voluntarily, and was satisfied that his attorney adequately represented his individual interests in negotiating the plea among the Government and counsel for his co-defendant. *See id.* at 15:7-17:14. After the colloquy, Concepcion again confirmed he understood that, should this Court accept the stipulations set forth in Schedule A of the Plea Agreement, including the drug quantity and specific offense characteristics stipulated there, this Court must sentence Concepcion in accordance with the Stipulated Sentence and would be prohibited from challenging his conviction or sentence on appeal. *Id.* at 23:6-25.

Petitioner also cannot show that he was prejudiced by his counsel's failure to object to the stipulated drug quantity, and Petitioner does not explain how counsel's performance affected the outcome of the plea process. Indeed, he does not allege or provide evidence that but for counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial." *Hill* , 474 U.S. at 58-59.

Petitioner's second claim—that his counsel failed to object to certain enhancements—likewise fails under *Strickland*. This Court imposed the Stipulated Sentence on Petitioner based on the Rule 11(c)(1)(C) Plea Agreement negotiated between Concepcion and the Government, not based on his exposure under the United States Sentencing Guidelines – which would have resulted in a significantly longer sentence. As Petitioner did with his first claim, he contends that his attorney was ineffective for failing to object to the very same enhancements he stipulated to in his Plea Agreement. Petitioner essentially argues that his counsel was ineffective for failing to argue that certain enhancements he stipulated and admitted, under oath, would apply. The purported failure does not meet the *Strickland* standard.

Defense counsel could <u>not</u> have challenged any stipulated enhancement without violating the Plea Agreement. As such, Concepcion cannot show deficient performance. Nor can Petitioner show he was prejudiced. Even if his counsel were to have successfully argued against the drug-involved premises enhancement under U.S.S.G. § 2D1.1(b)(12) and the leader organizer enhancement under U.S.S.G. § 3B1.1(a), Concepcion's advisory guidelines range would have been substantially higher than the 216 month Stipulated Sentence he received. Without the two-level drug-involved premises enhancement and the four-level leader organizer enhancement, Concepcion would have faced a total offense level of 33 and a criminal history category of VI,

resulting in an advisory guidelines range of 235 to 293 months' imprisonment. This sentence is considerably more than the Stipulated Sentence of 216 months.

For these reasons, Petitioner's counsel was not deficient in negotiating the Rule 11(c)(1)(C) Plea Agreement or for failing to argue for a lower sentence, and Petitioner also cannot show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *Booth*, 432 F.3d at 546-47.

### IV. **CONCLUSION**

For the reasons explained in this Opinion, the Court denies the Motion and also denies the request for an evidentiary hearing. Moreover, the Court denies a certificate of appealability as reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

_____
Hon. Madeline Cox Arleo,
U.S.D.J.

DATED: May 28, 2021